## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

> **Plaintiff,**

**v.**                                                                    **No. CR 05-0975 RB**

**THEODORE WHALEY,**

> **Defendant.**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant's (Mr. Whaley's) Motion to Reconsider Sentence (Doc. 69), filed on July 19, 2010. Mr. Whaley requests reconsideration of the nine-month term of imprisonment imposed following the revocation of his supervised release. Having considered the Motion to Reconsider Sentence, and being otherwise fully informed, the Court finds that this Motion should be denied.

**I.     Background.**

On May 23, 2005, Mr. Whaley pleaded guilty to conspiracy to possess with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 846. On February 3, 2006, Mr. Whaley was sentenced to thirty-seven months imprisonment followed by five years of supervised release. After serving his term of imprisonment, Mr. Whaley was placed on his term of supervised release.

On February 25, 2009, United States Probation Officer David Banegas reported that Mr. Whaley had tested positive for methamphetamine. (Doc. 35.) Although there was no request for court action, the Court held a compliance hearing due to its concern about Mr. Whaley's continued drug use. (Doc. 38.) At the hearing, the Court warned Mr. Whaley that the "breaks were at an end"

and  Mr. Whaley should "do whatever he needed to do" to stop using methamphetamine.  (*Id*.)  On March 18, 2009, Officer Banegas reported that Mr. Whaley tested positive for methamphetamine on February 22, 2009, although Whaley was undergoing drug treatment and family counseling. (Doc. 39.)

On April 22, 2009, Officer Banegas filed a Petition for Revocation of Supervised Release, alleging that Mr. Whaley had used methamphetamine on March 21, 2009, and April 5, 2009.  (Doc. 41.)  On May 1, 2009, Mr. Whaley admitted to the allegations in open court.  (Doc. 52.)  On June 1, 2009, the Court sentenced Mr. Whaley to thirty-four days time-served and one year of supervised release, continued the previously-imposed conditions, and imposed additional special conditions of successful completion of an inpatient drug treatment program and sixty days in a community corrections center.  (Doc. 53.)

On April 22, 2010, Officer Banegas filed a second Petition for Revocation of Supervised Release, alleging that Mr. Whaley had used methamphetamine and associated with Norma Gomez, a known felon, on March 9, 2010.  (Doc. 55.)  Additionally, Officer Banegas alleged that Mr. Whaley had been arrested for possession of drug paraphernalia in Culberson County, Texas on March 28, 2010; and he failed to report for a scheduled drug test on April 15, 2010.  (*Id*.)  An arrest warrant was issued on April 22, 2010.  (Doc. 42.)  On May 5, 2010, Mr. Whaley admitted to these allegations in open court.  (Doc. 61.)  On June 9, 2010, the Court sentenced Mr. Whaley to a term of nine months imprisonment with no term of supervised release imposed.  (Doc. 67.)

On July 19, 2010, Mr. Whaley filed the Motion to Reconsider Sentence sub judice, requesting that the Court modify the sentence imposed to ninety days or time served, whichever is less.  As grounds, Mr. Whaley offers excuses for violation of his conditions of supervised release. Notably, Mr. Whaley claims that since he left the halfway house in 2009, he "was taken off

counseling and was basically left to deal with his addiction on his own." (Doc. 69 at 2-3.) Mr. Whaley additionally states that his supervised release expired on June 2, 2010, thereby implying that this Court lacked jurisdiction to revoke the term of supervised release and impose the term of imprisonment. The United States has no objection to the Court "using its discretion in fashioning a modified sentence if the court deems it just and reasonable." (Doc. 71.)

## II.   Discussion.

## A.   The Court had jurisdiction to revoke the term of supervised release and impose the term of imprisonment.

Mr. Whaley's contention that the Court acted without jurisdiction in revoking his term of supervised release and imposing the term of imprisonment is unfounded. The applicable statute provides:

> Delayed revocation.--The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

18 U.S.C. § 3583(i).

Mr. Whaley's term of supervised release expired on June 2, 2010. The warrant was issued on April 22, 2010, which was during the term of supervised release. The term of supervise release was revoked and the sentence was imposed on June 9, 2010, which was one week after expiration of the term of supervised release. In that the warrant was issued within the term of supervised release and the matter was adjudicated within a reasonably necessary period, the Court had jurisdiction to revoke the term of supervised release and impose the term of imprisonment pursuant to 18 U.S.C. § 3583(i).

**B.** **The Court is without jurisdiction to modify the previously-imposed term of imprisonment.**

While the Court had jurisdiction to impose the term of imprisonment, it lacks jurisdiction to modify such term.  The applicable statute specifies: "(c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed . . ." 18 U.S.C. § 3582(c). The Tenth Circuit has consistently recognized that "a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); *see also United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (interpreting Section 3582(c) and stating "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.")  In that Mr. Whaley's request is neither a direct appeal nor a collateral attack under 28 U.S.C. § 2255, "the viability of his motion depends entirely" on 18 U.S.C. § 3582(c). *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996).

Section 3582(c) sets forth three limited circumstances in which a court may modify a term of imprisonment once it has been imposed: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35"; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(1), (2); *see Blackwell*, 81 F.3d at 947-48; *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).  None of these scenarios is applicable herein.

Rules 35 and 36 of the Federal Rules of Criminal Procedure do not authorize a substantive

modification of Mr. Whaley's sentence at this time.  Rule 35 authorizes re-sentencing (a) to correct arithmetical, technical, or other clear error within seven days of sentencing; or (b) to reflect defendant's substantial assistance on motion of the government.  *See* Fed. R. Crim. P. 35.  Mr. Whaley's situation does not fit within the parameters of Rule 35.  Rule 36 authorizes the court to correct clerical-type errors.  *See* Fed. R. Crim. P. 36.  Rule 36 is inapplicable because Mr. Whaley seeks a substantive modification of his sentence, not a correction of a clerical-type error.  Simply put, the Court does not have jurisdiction to modify Mr. Whaley's term of imprisonment.

**C.      The Court would not grant the requested relief.**

Even if jurisdiction were present, the Court would not grant the relief requested.  The excuses offered by Mr. Whaley are belied by his in-court admissions to the allegations contained in the Petition for Revocation of Supervised Release.  Moreover, Mr. Whaley's claim that he "was left to deal with his addiction on his own" is undercut by the substance-abuse treatment he received.

In a Memorandum, dated July 27, 2010, Officer Banegas recounted Mr. Whaley's substance abuse treatment.  Specifically, after his release from custody on his first revocation, Mr. Whaley entered a twenty-eight day inpatient drug treatment program at Yucca Lodge, followed by thirty days at Diersen Charities Halfway House.  Thereafter, Mr. Whaley attended daily Alcoholics Anonymous meetings and continued his outpatient substance-abuse treatment at Counseling and Recovery, Inc., until he completed the program in October 2009.  After he tested positive for methamphetamine in March 2010, Mr. Whaley was referred to NAVA Counseling Center for treatment in April 2010.  Mr. Whaley was afforded treatment and several chances to turn his life around.  Mr. Whaley failed to take advantage of these opportunities and he must now suffer the consequences of his actions.  The Court is not inclined to give Mr. Whaley yet another break.

**WHEREFORE,**

      **IT IS ORDERED** that Defendant's Motion to Reconsider Sentence (Doc. 69), filed on July 19, 2010, is **DENIED**.

_____

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**